IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02576-WYD-MEH

CALVIN LYNIOL ROBINSON,

      Plaintiff,

v.

DOCTOR DAVID ALLRED, Bureau of Prisons (BOP) Employee,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion for Summary Judgment [filed January 9, 2012; docket #38].  Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. L.Civ.R 72.1C, the motion has been referred to this Court for recommendation.  The matter is briefed to the extent required by law, and the Court finds that oral argument will not assist the Court in its adjudication of the motion.  For the reasons that follow and based on the entire record herein, the Court RECOMMENDS Defendant's motion be **GRANTED**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

**BACKGROUND**

Plaintiff is a prisoner at the United States Penitentiary, who initiated this *pro se* action on September 30, 2011.  On November 14, 2011, Plaintiff filed an Amended Complaint as a matter of course alleging generally that Defendant has failed to provide him proper medical treatment for "low stomach acid," which has resulted in level 10 pain, loss of vision, loss of teeth, a broken femur, open wounds, diabetes, hypertension, high triglycerides, a minimal ability to function and the imminent danger of liver, kidney and heart failure.  Amended Complaint, docket #22 at 3.  Plaintiff contends that Defendant either has not tested his stomach acid or has ignored blood tests demonstrating low stomach acid, and has failed to treat Plaintiff's condition with a "simple $14.95 cost efficient remedy," Betaine Hcl.  Plaintiff seeks injunctive relief requiring the Defendant to prescribe Betaine Hcl, an over-the-counter food supplement, as well as several other supplements for his various ailments, monetary damages totaling $5,000 for each of his six claims, and punitive damages in the amount of $1,000,000.00.  *Id.* at 11.

Before responding directly to Plaintiff's Amended Complaint, Defendant filed the motion at hand.  Defendant asserts that Plaintiff has failed to exhaust the Bureau of Prison (BOP) administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this action.  Defendant acknowledges that Plaintiff filed an administrative remedy at the institution level on September 14, 2011.   Motion, ¶ 4, docket #38 at 2.)  However, the warden did not respond to the grievance until January 6, 2012, just three days before the present motion was filed.  *Id.* at ¶ 5.  According to Defendant, Plaintiff must now appeal his administrative remedy to the Regional Office.  *Id.* at ¶ 6.  However, because he had not filed such appeal, Defendant argues the Plaintiff had not completed the BOP administrative remedy process.  *Id.* at ¶ 7.

2

In response to Defendant's motion, Plaintiff submitted an "Affidavit In Response to Defendant's Motion for Summary Judgment." Affidavit, docket #60. In essence, Plaintiff attests that he has consistently filed administrative remedy requests, both to the Florence facility and the Springfield, MO facility, since 2008. *Id.*, ¶ 6-9. Plaintiff contends that, despite having completed the BOP administrative process from 2008 to 2010, Plaintiff filed an informal request on August 29, 2011 (*id.*, ¶ 15), and a BP-9 form on September 14, 2011 (*id.*, ¶ 16) concerning the matters raised in his Amended Complaint. According to Plaintiff, he did not receive a response from the warden on the October 4, 2011 due date (*id.*, ¶ 18); therefore, on October 27, 2011, Plaintiff, allegedly in compliance with BOP policy, filed the next level BP-10 form (*id.*). Plaintiff attests that, on November 23, 2011, he received a rejection of the BP-10 form for failure to attach the warden's response to his BP-9 form; the rejection states, "I have talked with the Institution; please wait for the Warden's response before you appeal to this level." *Id.*, ¶ 19-20. That same day, Plaintiff filed the next level BP-11 form on which he stated that the warden missed the deadline and, in accordance with policy, Plaintiff filed a "proper" appeal. *Id.*, ¶ 21.

Meanwhile, Plaintiff received the warden's response to the original BP-9 form on January 11, 2012, and on January 15, 2012, he filed another BP-10 form to the Regional Office containing the warden's response. *Id.*, ¶ 22. Plaintiff contends that Defendant's Attachment 1, dated November 4, 2011, provides "prima facie evidence" that the BOP grievance procedure was exhausted, in that it reflects grievances filed in 2008 requesting a "medical diet." *Id.*, ¶ 24; *see also* Administrative Remedy Generalized Retrieval, docket #38-1 at 9-10.

## STANDARD OF REVIEW

### I.  Treatment of *Pro Se* Pleadings

As Plaintiff proceeds *pro se*, the Court must construe his "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### II.  Motion for Summary Judgment

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003).  The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis

for its motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006).  "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."  *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002).  Only admissible evidence may be considered when ruling on a motion for summary judgment.  *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

The non-moving party has the burden of showing there are issues of material fact to be determined.  *Celotex*, 477 U.S. at 322.  If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing a genuine factual issue for trial.  *Hysten v. Burlington N. and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e).  These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), *except* the mere pleadings themselves.'"  *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324) (emphasis added).  The Court must view the record and draw "all favorable inferences in the light most favorable to the non-moving party."  *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     The BOP has a four-tiered administrative procedure for inmate grievances, which is codified at 28 C.F.R. ¶ 542.10 et seq.

2.     The first step is informal resolution with prison staff (28 C.F.R. ¶ 542.13); requests for Informal Resolution forms (also known as BP-8 forms) are not assigned a tracking number.

Declaration of Benjamin J. Brieschke, January 6, 2012 ("Brieschke Declaration"), ¶ 6, docket #38-1.

3.      The second step is the filing of a formal Request for Administrative Remedy (also known as  BP-9 form) at the institution at which the inmate is incarcerated.  *Id.* (citing 28 C.F.R. ¶ 542.14).

4.      If the inmate feels the response to his BP-9 is not satisfactory, within 20 days of the date the warden signs the response, the inmate may appeal the complaint to the Regional Director by filing a Regional Office Administrative Remedy Appeal (also known as a BP-10).  *Id.* (citing 28 C.F.R. ¶ 542.15(a)).

5.      If dissatisfied with the Regional Director's response, the inmate may appeal to the Director, National Inmate Appeals in the Office of the General Counsel in Washington D.C. by filing a Central Office Administrative Remedy Appeal (also known as a BP-11).  *Id.* (citing 28 C.F.R. ¶ 542.15(b)(2)).

6.      Appeal to the Office of the General Counsel is the final administrative appeal.  *Id.* (citing 28 C.F.R. ¶ 542.15(a)).

7.      On August 30, 2011, Plaintiff filed a BP-8, Informal Resolution Form, in which he complains he has been denied medical nutrient treatment and equal protection.  Informal Resolution Form, August 30, 2011, docket #38-1 at 14.  Plaintiff attached to this form a list of "symptoms [that] stem from the low stomach acid" including pancreatic digestive enzymes, macular eye degeneration, floaters, cataracts and glaucoma, and osteoporosis.  *Id.* at 15.

8.      Plaintiff received a response to the BP-8 stating, "This issue was addressed by medical in

6

a response to Inmate Request to Staff member, dated 8-15-11. The items you are asking for have not been approved by the FDA, and cannot be prescribed to you." BP-8 Response, docket #38-1 at 13.

9.   On September 1, 2011, Plaintiff filed a BP-9 form, received by the warden on September 14, 2011, on which Plaintiff attached the BP-8 dated August 30, 2011 and requests "medical treatment." Request for Administrative Remedy, September 1, 2011, docket #60-2 at 61.

10.   Plaintiff initiated this lawsuit by filing a Prisoner Complaint on September 30, 2011. Docket #1.

11.   The warden's response to Plaintiff's BP-9 form was due October 4, 2011. Receipt, Administrative Remedy, October 7, 2011, docket #60-3 at 4.

12.   When the Plaintiff did not receive a response to the BP-9 from the warden, he filed a BP-10 appeal form on October 27, 2011. Regional Administrative Remedy Appeal, October 27, 2011, docket #60-3 at 3.

13.   On or about November 23, 2011, Plaintiff received a Rejection Notice from the Regional Office dated November 14, 2011, rejecting the BP-10 appeal for failing to provide a copy of the BP-9 form or the warden's response to the BP-9. *See* Rejection Notice - Administrative Remedy, November 14, 2011, docket #60-3 at 2. The form states, "I have talked with the institution, please wait for the warden's response before you appeal to this level." *Id.*

14.   On November 23, 2011, Plaintiff filed a BP-11 appeal to the Central Office stating that the warden did not extend his time to respond to the BP-9 and such information was provided on the BP-10 form. Central Office Administrative Remedy Appeal, docket #60-3 at 1.

7

15.     On January 6, 2012, the warden issued a response to the Plaintiff's September 1, 2011 BP-9 grievance.  BP-229 Response, January 6, 2012, docket #60-2 at 62.

16.     Plaintiff filed another BP-10 regional appeal on February 15, 2012 arguing that the January 6, 2012 response from the warden is late, without extension, and does not resolve Plaintiff's issues.  Regional Administrative Remedy Appeal, January 15, 2012, docket #60-2 at 60.

17.     On January 20, 2012, the regional office issued a response to the January 15, 2012 BP-10 upholding the warden's response and the institution's medical care.  Regional Administrative Remedy Appeal - Response, January 20, 2012, docket #60-2 at 59.

18.     On February 5, 2012, Plaintiff filed a BP-11 central office appeal of the BP-10 response. Central Office Administrative Remedy Appeal, February 5, 2012, docket #60-2 at 56.

19.     At the time of filing this Recommendation, the Plaintiff has received no responses concerning either the February 5, 2012 BP-11 appeal or the November 23, 2011 BP-11 appeal.

## ANALYSIS

"The burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). "Dismissal under § 1997e(a) for failure to exhaust administrative remedies therefore cannot usually be made on pleadings without proof." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597953, at *2 (D. Colo. Apr. 6, 2011) (citations omitted).

The PLRA requires the exhaustion of administrative remedies before an incarcerated person may bring an action concerning prison conditions under 42 U.S.C. § 1983.  42 U.S.C. § 1997e(a). The Supreme Court determined that "exhaustion is mandatory under the PLRA and [ ] unexhausted

claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"). The exhaustion of administrative remedies need not be pleaded in the complaint but must be raised as an affirmative defense. *Jones*, 549 U.S. at 216. The rules governing exhaustion are not articulated by the PLRA, but are defined by the respective prisons' grievance process. *Id*. at 218. In order to "properly exhaust" in satisfaction of the PLRA's requirements, the plaintiff prisoner must comply with prison grievance procedures. *Id*. Therefore, according to *Jones*, claims that have not completed the prison grievance process may not be brought in federal court.

Here, the undisputed facts demonstrate that the Plaintiff did not exhaust administrative remedies before he filed this lawsuit on September 30, 2011. In fact, while Plaintiff submitted a BP-9 complaint before filing this action, the warden's response was not even due until *after* he filed the Complaint. Even if the Plaintiff is correct that he properly filed a BP-10 in October 2011 after the warden failed to respond (*see* 28 C.F.R. § 542.18), he still has failed to exhaust. Not only has the Plaintiff still not received a response to his Central Office appeal submitted November 23, 2011, but again, this lawsuit was filed well before a response to the second step was due. To the extent that the warden's January 6, 2012 response was timely submitted, Plaintiff still has not received a response to his February 5, 2012 Central Office appeal. Therefore, the unrebutted evidence reflects the Plaintiff has failed to exhaust the required BOP administrative remedies and this Court is barred from hearing Plaintiff's claims. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."); *see also Jones*, 549 U.S. at 220 ("All agree that no unexhausted claim may be considered.").

9

The Court notes that the federal regulations provide for exceptions to the requirement to file a BP-9 complaint at the institution level. *See* 28 C.F.R. § 542.14(d). However, the Plaintiff raises no argument concerning these exceptions and the Court finds that none apply.

Plaintiff argues that he exhausted the required remedies in 2008, 2009 and 2010; the Court is not persuaded. Plaintiff attached copies of several administrative complaints and appeals he filed during those years; however, while one or two involved Plaintiff's request for a religion-based "common fare" meal or a "medical nutrient diet,"[2] none of them relate to Plaintiff's claims here concerning his low stomach acid, the symptoms he claims to suffer as a result, and his request for an order requiring certain prescriptions for several supplements to alleviate his ailments. The only administrative complaints and appeals submitted by the Plaintiff relating to the subject of this action are those listed in the Statement of Facts herein. Because the Plaintiff has not exhausted administrative remedies concerning Plaintiff's claims raised in his Amended Complaint, this Court should not interfere with the BOP administrative process. *See Woodford*, 548 U.S. at 93 (the PLRA "seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.") (citation and quotations omitted).

The Court finds that Plaintiff fails to raise a genuine issue of material fact as to whether he fully exhausted administrative remedies, and Defendant meets his burden of demonstrating that Plaintiff did not exhaust. Therefore, the Defendant's motion should be granted, and Plaintiff's

---

[2]The Court notes that the BOP administrative process for this particular complaint occurred February-November 2008. *See* Response, Exhibits A & B, docket #60 at 19-74 and #60-1 at 1-36. While the Plaintiff complains of ailments similar to those alleged here, including diabetes, hypertension and eye degeneration, Plaintiff seeks in the 2008 complaint a specific "diet" suggested by a doctor he heard on the radio. Moreover, the complaint was submitted in February 2008, well more than three years before Plaintiff filed the instant action. *See Appleby-El v. Catron*, 84 F. App'x 9, 10 (10th Cir. 2003) (*Bivens* claims are subject to a two-year statute of limitations).

complaint dismissed without prejudice for failure to comply with the PLRA's exhaustion requirement.

## CONCLUSION

Accordingly, the Court respectfully **RECOMMENDS** that Defendant's Motion for Summary Judgment [filed January 9, 2012; docket #38] be **GRANTED**. Plaintiff's complaint should be dismissed without prejudice in its entirety due to Plaintiff's failure to exhaust administrative remedies as required by the PLRA. As such, this Court also recommends that Plaintiff's Motion for Temporary Restraining Order [filed November 28, 2011; docket #27], Plaintiff's Motion for Leave to Amend Complaint [filed January 12, 2012; docket #45], and Defendant's Motion to Dismiss [filed January 23, 2012; docket # 48] be **DENIED AS MOOT**.

Respectfully submitted at Denver, Colorado, this 21st day of February, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge