IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-02576-WYD-MEH

CALVIN LYNIOL ROBINSON,

    Plaintiffs,

v.

DOCTOR DAVID ALLRED, Bureau of Prison (BOP) employee,

    Defendant.

## ORDER AFFIRMING AND ADOPTING RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant's Motion for Summary Judgment filed January 9, 2012.  This motion was referred to Magistrate Judge Hegarty for a recommendation.  A Recommendation was issued on February 21, 2012, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Hegarty recommends therein that the Motion for Summary Judgment be granted due to Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act ["PLRA"].  (Recommendation at 1, 10-11.)

On March 8, 2012, Plaintiff filed timely Objections which necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28

U.S.C. § 636(b)(1). A response was filed to the Objections on April 2, 2012, and a reply was filed on April 16, 2012.

"In order to conduct a *de novo* review a court 'should make an independent determination of the issues...; [it] 'is not to give any special weight to the [prior] determination.'" *Ocelot Oil Corp. v. Sparrow Industries.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967) (internal quotation marks omitted)). While the court may place whatever reliance on the magistrate judge's "recommendation its merit justifies, the court must review the record in light of its own independent judgment." *Id.*

By way of background, and as described in more detail in the Recommendation, Plaintiff is a prisoner at the United States Penitentiary in Florence, Colorado. He initiated this pro se action on September 30, 2011, and filed an Amended Complaint on November 14, 2011. Plaintiff alleges generally that Defendant has failed to provide him proper medical treatment for "low stomach acid". He seeks injunctive relief as well monetary and punitive damages.

Defendant's Motion for Summary Judgment argues that Plaintiff failed to exhaust the Bureau of Prison ["BOP"] administrative remedies as required by the PLRA before filing this action. While Plaintiff filed an administrative remedy at the institution level on September 14, 2011, Defendant asserts that he must now appeal his administrative remedy to the Regional Office. Because Plaintiff has not filed such an appeal, Defendant argues that Plaintiff has not completed the BOP administrative remedy

process. Plaintiff disputes this through an affidavit, asserting that he has consistently filed administrative request remedies.

Magistrate Judge Hegarty found in the Recommendation that the undisputed facts demonstrate that Plaintiff did not exhaust administrative remedies before he filed this lawsuit on September 30, 2011. (Recommendation at 9.) He noted that while Plaintiff submitted a BP-9 complaint before filing this action, the warden's response was not even due until *after* he filed the Complaint. (*Id.*) Further, he noted that even if Plaintiff is correct that he properly filed a BP-10 in October 2011 after the warden failed to respond, he still has failed to exhaust. (*Id.*) Finally, Magistrate Judge Hegarty rejected Plaintiff's argument that he exhausted the required remedies in 2008, 2009, and 2010, finding that those do not relate to Plaintiff's claims in this case. (*Id.* at 10.)

Plaintiff's Objections assert that the Recommendation falsely infers that Plaintiff must wait for the response to his BP-9 to appeal to the regional office. He further asserts that when the warden of the institution did not respond within the applicable time limits, Plaintiff was given a BP-10 form which he completed. He asserts that he then improperly received a bad faith Rejection Notice from the Administrative Remedy Coordinator for the North Central Regional Office.

This objection must be overruled. First, Plaintiff has not disputed or even acknowledged Magistrate Judge Hegarty's finding that the lawsuit was filed even before the warden's response was due. Further, Plaintiff's argument fails to address the Recommendation's finding that even if Plaintiff properly filed the BP-10 in October 2011 after the warden failed to respond, he still has failed to exhaust. The Recommendation

noted on that issue that not only has Plaintiff still not received a response to his Central Office appeal submitted November 23, 2011, but this lawsuit was filed well before a response to the second step was due. (Recommendation at 9.) Plaintiff also has not received a response to his February 5, 2012 Central Office appeal. (*Id.*)

Plaintiff also argues, however, that he filed BP-11 forms with the Central Office and that he did not receive a response within the applicable time period. Thus, he asserts that his administrative remedy has been exhausted and must be deemed denied and ripe for adjudication. Further, Plaintiff asserts that he has repeatedly requested a receipt or response to his BP-11 forms and has been told that there is no record that they were received by the Central Office. He argues that this is a common trick the Central Office uses to derail the BOP prison grievance process. Again, this objection must be overruled. Plaintiff is claiming defects with the administrative remedy process that have taken place well after he filed this lawsuit on September 30, 2011. Plaintiff cannot bypass the administrative process by filing suit before responses were even due.

It is also argued in Plaintiff's Objections that he exhausted his administrative remedies in 2008, 2009, and 2010. I overrule this objection, as I find that Magistrate Judge considered and correctly rejected this argument. After examining several administrative complaints attached by Plaintiff, the Magistrate Judge explained that "while one or two involved Plaintiff's request for a religion-based 'common fare' meal or a 'medical nutrient diet,' none of them relate to Plaintiff's claims here concerning his low

stomach acid." (Recommendation at 10.) Plaintiff has failed to show any error in connection with that finding.

Finally, Plaintiff argues that he has presented prima facie evidence of a material fact in dispute. Again, this objection must be overruled. As Magistrate Judge Hegarty correctly noted, "claims that have not completed the prison grievance process may not be brought in federal court." (Recommendation at 9) (citing *Jones v. Bock*, 549 U.S. 199, 211 (2007)).

Based on the foregoing, and after considering all the arguments by Plaintiff in his objections, I find that Magistrate Judge Hegarty was correct in concluding that "Plaintiff fails to raise a genuine issue of material fact as to whether he fully exhausted administrative remedies, and Defendant meets his burden of demonstrating that Plaintiff did not exhaust." (Recommendation at 10.) Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 62 filed February 21, 2012) is **AFFIRMED AND ADOPTED**. Plaintiff's Objections (ECF No. 64) are **OVERRULED**. In accordance with the Recommendation, it is

ORDERED that Defendant's Motion for Summary Judgment (ECF No. 38 filed January 9, 2012) is **GRANTED**, and the case is **DISMISSED**.

Dated: September 20, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge